IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16cr90 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| CHARLES MUSTO, | : | |
| Defendant | : | |

## **MEMORANDUM**

In the instant criminal matter, the United States of America charges Defendant Charles Musto (hereinafter "defendant") with crimes arising from the filing of a joint federal income tax return for the calendar years 2009 and 2010. Before the court for disposition is the defendant's motion to compel the production of discovery. For the reasons explained below, we will grant in part and deny in part defendant's motion.

## **Background**

A Grand Jury in the Middle District of Pennsylvania indicted the defendant on April 12, 2016. (Doc. 1, Indictment). The one-count indictment charged the defendant with filing a false tax return for the calendar year 2009 in contravention of 26 U.S.C. § 7206(1).

On April 28, 2016, the government executed five (5) search warrants at three (3) locations and seized approximately twenty (20) boxes of paper records and eleven (11) electronic hard drives. (Docs. 16-6 to 16-10, Exs.

D-1 to D-5, Search and Seizure Warrants dated 4/27/16; Doc. 16-12, Ex. F, Search Warrant Items to be Seized). Subsequent to the search and seizure of defendant's property, the Grand Jury returned a superceding indictment adding two additional charges. Count II charges the defendant with filing a false tax return for the calendar year 2010, in violation of 26 U.S.C. § 7206(1). Count III charges the defendant with tax obstruction in contravention of 26 U.S.C. § 7212(a).

On June 17, 2016, the defendant filed a motion to compel the government to produce discovery. The parties then briefed the issues, bringing the case to its present posture.

**Discussion**

Defendant moves to compel discovery regarding the following three general categories: (1) documents received from summonses or Grand Jury subpoenas; (2) April 28, 2016 search warrant records; and (3) testimonial evidence. We will address each category of discovery in turn.

**I. Paper Records**

Defendant seeks the production of paper documents received from summonses, grand jury subpoenas and search warrants. Federal Rule of Criminal Procedure 16 provides for the production of tangible objects "belonging to the defendant" and documents and objects "material to the

2

preparation of the defense" and/or which the "government" intends to offer at trial." FED. R. CRIM. P. 16(a)(1)(E)(i)-(iii).

In the instant matter, the government states that 80% of documents received from summonses and grand jury subpoenas have been produced. (Doc. 32, Gov't Br. in Opp'n at 4-5). Moreover, the government believes it could provide copies of paper search warrant records by July 15, 2016, or shortly thereafter. Thus, the court will grant defendant's motion to the extent that all paper documents received from summonses, grand jury subpoenas and search warrants shall be produced, if not already produced, within thirty (30) days from the date of this order.

## II. Search Warrant Records

Defendant next seeks the production of search warrant records. As previously stated, on April 28, 2016, the government executed five (5) search warrants on defendant's property. During the search, the government seized hundreds of paper records and the information contained on eleven (11) computer hard drives. Because many of these seized items may contain information protected by the attorney-client privilege, the government instituted a filter review of both paper and electronic records obtained from the search warrant. (Doc. 32, Gov't Br. in Opp'n at 7).

The government's "filter team" reviews all paper and electronic documents seized ensuring these materials do not contain any privileged materials. (Id. at 5-6). Once the filter team determines a document is non-privileged, the team releases the document to the government's trial team. (Id.) Moreover, "[t]he filter team is segregated from the trial team to ensure that no person with involvement in the case receives any privileged information." (Id.)

According to the government, the filter review of both paper and electronic records obtained from the search warrant is ongoing. Further, the prosecution team "does not have control over the speed with which the filter review proceeds, and . . . it cannot at this time provide an estimate regarding when copies of those records can be made available." (Id. at 7). Therefore, the prosecution team cannot turn over these items because it does not yet have access to all of the records. The court acknowledges the government's plight regarding the production of these materials. The court, however, must protect the defendant's constitutional right to a speedy trial.

The Sixth Amendment guarantees the accused the right to a speedy trial in all criminal prosecutions. U.S. CONST. amend. I.; Doggett v. United States, 505 U.S. 647, 651 (1992); Barker v. Wingo, 407 U.S. 514, 533

(1972).  The Supreme Court has explained that the Speedy Trial Clause is "designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges."  United States v. MacDonald, 456 U.S. 1, 8 (1982).  As such, the court will grant the defendant's motion for the expedited production of these materials.

Specifically, the parties will be directed to file a joint stipulation detailing an expedited time line for the production of these materials within ten (10) days from the date of this order.  If the parties cannot come to terms on a stipulation, both parties shall submit proposed orders regarding the discovery time line for production of the materials.

In short, the court strongly advises the parties to meet and confer regarding the production of these materials and to submit a joint stipulation within ten (10) days from the date of this order.

**C. Testimonial material**

Defendant has presented a broad motion for disclosure of exculpatory evidence and evidence bearing upon the credibility of government witnesses.  Most specifically, defendant seeks immediate

5

production of all statements attributed to his bookkeeper and information regarding promises, agreements and/or understandings between the government and defendant's former bookkeeper.

Generally, a defendant has no constitutional right to discovery in a criminal case. United States v. Mariani, 7 F. Supp. 2d 556, 561 (M.D. Pa. 1998) (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977)). To protect a defendant's constitutional due process rights, however, federal courts have carved out limited exceptions to this general rule.

The Supreme Court of the United States has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87, 83 (1963). Brady therefore requires the government to disclose material exculpatory evidence, which includes impeachment evidence related to a prosecution witness. Giglio v. United States, 405 U.S. 150, 154 (1972). The Government breaches its Brady and Giglio duties when it withholds such evidence, either willfully or inadvertently, and the withheld evidence is found to be "material." United States v. Walker, 657 F.3d 160, 184-85 (3d Cir. 2011) (citations omitted).

"Information is material 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Lambert v. Beard, 633 F.3d 126, 133 (3d Cir. 2011) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).  This, however, "does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal . . . ." Kyles v. Whitley, 514 U.S. 419, 434 (1995).  The "touchstone of materiality is a 'reasonable probability' of a different result." Id. (quoting Bagley, 473 U.S. at 682).

> The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.  A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial."

Id. (quoting Bagley, 473 U.S. at 678).

In the instant matter, the government acknowledges its constitutional responsibilities to permit the immediate inspection and copying of Brady material.  Regarding the production of Giglio material, the government has agreed to produce this material two weeks prior to trial.  (Doc. 32, Gov't Br. in Opp'n at 8-9).  Accordingly, the court will grant defendant's motion to the extent that the government shall immediately produce all Brady material.  The court will deny defendant's motion for the immediate production of

7

<u>Giglio</u> material and will order the government to produce such material by 4:00 p.m. fourteen (14) days before the start of trial.[1]

**Conclusion**

For the above-stated reasons, the court will grant in part and deny in part the defendant's motion for production. The court will grant defendant's motion to compel production of all paper documents received from summonses, grand jury subpoenas and search warrants to the extent that these materials shall be produced within thirty (30) days from the date of this order. The court will grant defendant's motion for the expedited

---

[1] The defendant also seeks production of testimonial evidence covered by the Jencks Act, 18 U.S.C. § 3500 (hereinafter the "Jencks Act"), and Federal Rule of Criminal Procedure 26.2. The Jencks Act provides that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). Federal Rule of Criminal Procedure 26.2(a) likewise provides that "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." FED. R. CRIM. P. 26.2(a).

The government has agreed to disclose these materials no later than two weeks before trial. (Doc. 32, Gov't Br. in Opp'n at 8-9). Thus, the court will order the government to produce all Jencks Act and Federal Rule of Criminal Procedure 26.2 materials by 4:00 p.m. fourteen (14) days before the start of trial.

8

production of paper and electronic search warrant records and order the parties to reach a stipulation regarding these records within ten (10) days. The court will grant defendant's motion for the immediate production of any Brady material in the government's possession.  Finally, the court will deny defendant's motion for the immediate production of Giglio, Jencks Act and Federal Rule of Criminal Procedure 26.2 material.  The court, however, will order the government to produce these materials by 4:00 p.m. fourteen (14) days before the start of trial.  An appropriate order follows.


**Date:   08/05/2016**                               s/ James M. Munley
                                                     **JUDGE JAMES M. MUNLEY**
                                                     **United States District Court**