IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:16cr90 |
| v. | : | (Judge Munley) |
| CHARLES MUSTO, Defendant | : | |

## MEMORANDUM

In the instant criminal matter, the United States of America charges Defendant Charles Musto (hereinafter "defendant") with crimes arising from the filing of a joint federal income tax return for the calendar years 2009 and 2010. Before the court for disposition is the defendant's motion to compel the production of discovery. (Doc. 51, Def.'s Reply at 9; Doc. 51-2, Ex. D, letter from Attorney Mark Cedrone dated 11/15/16).[1] For the reasons explained below, we will grant in part and deny in part defendant's motion.

## Background

A Grand Jury in the Middle District of Pennsylvania indicted the defendant on April 12, 2016. (Doc. 1, Indictment). The one-count indictment charged the defendant with filing a false tax return for the

---

[1] While not docketed as such, the court construes these documents as a motion to compel production of documents.

calendar year 2009 in contravention of 26 U.S.C. § 7206(1).

On April 28, 2016, the government executed five (5) search warrants at three (3) locations and seized approximately twenty (20) boxes of paper records and eleven (11) electronic hard drives. (Docs. 16-6 to 16-10, Exs. D-1 to D-5, Search and Seizure Warrants dated 4/27/16; Doc. 16-12, Ex. F, Search Warrant Items to be Seized). Subsequent to the search and seizure of defendant's property, the Grand Jury returned a superseding indictment adding two additional charges. Count II charges the defendant with filing a false tax return for the calendar year 2010, in violation of 26 U.S.C. § 7206(1). Count III charges the defendant with tax obstruction in contravention of 26 U.S.C. § 7212(a).

On June 17, 2016, the defendant filed a motion to suppress all evidence directly and derivatively obtained by the government arising from the government's execution of five (5) search warrants on April 28, 2016. (Doc. 16). The defendant also filed a motion to dismiss the superseding indictment on October 11, 2016. (Doc. 44). Both motions are set for an evidentiary hearing before the court on December 15, 2016. (Doc. 48). On November 15, 2016, the defendant filed a motion for the production of discovery. (Doc. 51, Def.'s Reply at 9; Doc. 51-2, Ex. D, letter from

Attorney Mark Cedrone dated 11/15/16). The parties then briefed the issues, bringing the case to its present posture.

**Discussion**

Defendant moves to compel discovery, prior to the evidentiary hearing on December 15, 2016, regarding the following four general categories: (1) documents related to planning the execution of the April 28, 2016 search warrants; (2) documents related to the execution of these warrants; (3) documents that might be used to challenge facts alleged in the search warrant affidavit; and (4) other documents allegedly related to Supervisory Special Agent Ben Wylam's (hereinafter "SSA Wylam"). We will address each category of discovery in turn.

**I. Search warrant planning documents**

Defendant seeks the production of paper documents generated prior to the execution of the five (5) search warrants on April 28, 2016. Documents in this category, numbered pursuant to defendant's motion for the production of discovery (Doc. 51-2), are: (4) Enforcement Action Review Forms (hereinafter "EARFs") relating to the planning and execution of the search warrants; (5) documents relating to the plan to address potentially protected materials; (7) documents prepared by SSA Wylam

relating to the planning of the search warrant execution; (8) documents connected to the planning, execution, or maintenance of documents seized during the search warrant; and (9) documents evidencing SSA Wylam's review of activity in connection with planning, execution, or maintenance of documents seized as a result of the execution of the search warrants.

Initially, the government agrees to provide a copy of the taint protocol, item #5, to the defendant. (Doc. 54, Gov't Resp. at 5). Thus, the court will grant defendant's motion to compel production of this document as unopposed.

The court will deny the remainder of defendant's request to produce documents generated prior to the execution of the April 28, 2016 search warrants for two reasons. First, the federal rules of criminal procedure provide that "reports, memoranda, or other internal government documents made by an attorney for the government <u>or other government agent</u> in connection with investigating or prosecuting the case" are not subject to discovery. FED. R. CRIM. P. 16(a)(2) (emphasis added). Because government agents investigating this case prepared these documents, they are not subject to discovery under Federal Rule of Criminal Procedure 16(a)(2). Second, these documents are not relevant to the issues to be

4

addressed at the December 15, 2016 evidentiary hearing on defendant's motions to suppress and dismiss the superseding indictment. Ergo, the court will only grant defendant's motion to produce search warrant planning documents to the extent that the government shall produce item #5–taint review process documents, within five (5) days from the date of this order.

## II. Search Warrant Records[2]

Defendant next seeks the production of search warrant records. Documents in this category, numbered pursuant to defendant's motion for the production of discovery (Doc. 51-2), are: (3) recording of search warrant activity in the Criminal Investigation Management Information System (hereinafter "CIMIS"); (10) documents associated with maintenance of chain of custody of documents seized; (11) Post-Enforcement Operation Summary; (12) evidence log form; (13) evidence access control log; (14) videos of search warrant execution; (15) a copy of the evidence envelope; and (17) other documents that memorialize SSA Wylam's responsibilities in executing the search warrant and reviewing

---

[2] As previously stated, on April 28, 2016, the government executed five (5) search warrants on defendant's property. During the search, the government seized hundreds of paper records and the information contained on eleven (11) computer hard drives.

privileged materials thereafter.

In the instant matter, the government has agreed to provide the defendant with item #14–videos of the search warrant execution. The court will also grant defendant's motion to compel production of the following documents as they are relevant and probative of the issues to be addressed at the hearing on December 15, 2016: item #10–chain of custody documents, item #12–evidence log form, and item #15–a copy of the "evidence envelope" referenced in SSA Wylam's declaration. The government shall produce these documents within five (5) days from the date of this order. The defendant's request to produce additional documents from this group is denied in all other respects.

### III. Documents challenging the search warrant affidavit

Defendant also seeks the production of documents that may challenge facts alleged in the search warrant affidavit. Documents in this category, numbered pursuant to defendant's motion for the production of discovery (Doc. 51-2), are: (6) prior drafts of the search warrant affidavit and (18) documents containing information contrary to the search warrant affidavit.

The court will deny defendant's request to produce these documents.

The only relevant search warrants are the five warrants issued on April 27, 2016. (Doc. 16-6, 16-7, 16-8, 16-9, 16-10). Thus, the only relevant affidavit in support of these search warrants is the Affidavit of Maria A. Grabinski dated April 27, 2016. (Doc. 16-11). Stated differently, no prior draft of the search warrant affidavit is relevant.

Moreover, item #18 potentially raises Jencks Act and Giglio materials.[3] The government acknowledges its constitutional

---

[3] The Jencks Act provides that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); see also FED. R. CRIM. P. 26.2(a) (After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."
The defendant also seeks production of testimonial evidence under Giglio v. United States, 450 U.S. 150 (1972). The Supreme Court of the United States has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87, 83 (1963). Brady therefore requires the government to disclose material exculpatory evidence, which includes impeachment evidence related to a prosecution witness. Giglio v. United States, 405 U.S. 150, 154 (1972). The Government breaches its Brady and Giglio duties when it withholds such evidence, either willfully or inadvertently, and

7

responsibilities regarding the requirements of producing Jencks Act and Giglio materials and will continue to comply with these requirements. (Doc. 54, Gov't Resp. at 8). As such, the court will deny defendant's request to compel production of these materials at this time.

## IV. Documents related to SSA Wylam

Finally, the defendant seeks the production of documents arising from SSA Wylam's involvement in this case. Documents in this category, numbered pursuant to defendant's motion for the production of discovery (Doc. 51-2), are: (1) the Special Agent's Report (hereinafter "SAR"); (2) monthly activity time in CIMIS; and (16) documents memorializing communications between SSA Wylam and Special Agent Grabinski (hereinafter "SA Grabinski").

The court will deny defendant's request for two reasons. First, the defendant cites no authority, and our research has uncovered none, to support his request to produce the SARs. Indeed, Federal Rule of Criminal Procedure 16(a)(2) precludes the production of the SARs, stating that "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with

---

the withheld evidence is found to be "material." United States v. Walker, 657 F.3d 160, 184-85 (3d Cir. 2011) (citations omitted).

8

investigating or prosecuting the case" are not subject to discovery.

Second, the prosecution team previously directed SSA Wylam and SA Grabinski to produce all communications between them occurring after the government executed five (5) search warrants on April 28, 2016.[4] The prosecutors reviewed all emails provided and determined that no substantive emails relating to the case arose between SSA Wylam and SA Grabinski. Thus, the court will deny the defendant's request to produce documents related to SSA Wylam.

**Conclusion**

For the above-stated reasons, the court will grant in part and deny in

---

[4] On April 28, 2016, SSA Wylam attended the government's execution of a search warrant at defendant's residence. (Doc. 47-1, Decl. of SSA Ben Wylam at 1). During the search and seizure, and agent discovered a notebook marked "Attorney Client Privilege." (Id.) The agent handed this notebook to SSA Wylam. (Id.) SSA Wylam "scanned the contents of the notebook" and "reviewed a couple of lines on each page." (Id.) SSA Wylam determined the notebook may contain attorney-client privileged information and directed the agent to place the notebook in an evidence envelope and clearly marked on the inventory sheet "attorney client privilege." (Id.) Based on SSA Wylam's exposure to this notebook, AUSA Sempa reassigned SSA Wylam "to the Taint Team review process" and further directed SSA Wylam not to discuss any matters with any members of the prosecution team, including SA Grabinski. (Id. at 2). AUSA Noud, lead prosecutor, also instructed SSA Wylam that he was no longer allowed to make any investigative decisions in this case from April 28, 2016 forward. (Id.)

9

part the defendant's motion for production. The court will grant defendant's motion to compel production of the following, numbered pursuant to defendant's motion for the production of discovery (Doc. 51-2): (5) documents relating to the government's plan to address potentially protected materials; (14) videos of the search warrant execution; (10) chain of custody documents; (12) evidence log form, and (15) a copy of the "evidence envelope" referenced in SSA Wylam's declaration. The government shall produce these items within five (5) days from the date of this order. The defendant's motion is denied in all other respects. An appropriate order follows.

Date:   11/30/2016         s/ James M. Munley
                           **JUDGE JAMES M. MUNLEY**
                           **United States District Court**