IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     :
    :
      v.     :   **3:16-CR-00090**
    :   **(JUDGE MARIANI)**
CHARLES MUSTO,     :
    :
      Defendant.     :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On April 12, 2016, a grand jury indicted Defendant Charles Musto on a single count

of filing a false tax return in violation of 26 U.S.C. § 7206(1) for the calendar year of 2009.

(Doc. 1). Defendant Musto was subsequently charged in a superseding indictment on June

21, 2016, with filing false tax returns in violation of 26 U.S.C. § 7206(1) for the calendar

years of 2009 and 2010 (Count I; Count II), and with engaging in a corrupt endeavor to

obstruct and impede the due administration of the Internal Revenue Service in violation of

26 U.S.C. § 7212(a) (Count III)[1]. (Doc. 20).

On May 31, 2018, the Court, having ruled on a number of pretrial motions (*see e.g.*

Docs. 36, 37,55, 56, 63, 64, 94) thereby placing the case in a posture to proceed to trial,

scheduled this matter for trial to commence in October, 2018 (Doc. 103). Although the trial

was subsequently re-scheduled to begin in January, 2019 (Doc. 114), District Court Judge

---

[1] Count III of the superseding indictment was dismissed with prejudice by the Court on April 5,
2018 (Doc. 94) upon the unopposed motion of the Government (Doc. 92).

James Munley issued an Order recusing himself on December 4, 2018 (Doc. 125) and this action was re-assigned to the undersigned that same day. Following a conference call with the parties, upon the request of counsel, the trial was re-scheduled to commence on June 3, 2019 (Doc. 127).

Prior to the re-assignment of this action to the undersigned, on June 21, 2018, the United States filed a Notice of Intent to Offer Certain Evidence (Doc. 104). The Government provided notice therein that it intended to introduce:

> three different types of evidence as part of its case-in-chief in the trial of the above-captioned matter: (1) evidence regarding falsities on Defendant's 2009 and 2010 tax returns; (2) evidence regarding Defendant's false 2008 tax return; and (3) evidence regarding Defendant's actions during 2011 and 2012.

(Id. at 1).

Presently before the Court is Dr. Musto's Motion In Limine (Doc. 109) seeking to preclude a majority of the evidence set forth by the Government in its Notice of Intent. For the reasons that follow, the Court will deny Defendant's Motion in Limine.

## II. ANALYSIS

Preliminarily, the Court notes at the outset that it exercises its discretion to rule in limine on evidentiary issues "in appropriate cases." In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir.1983), rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). While motions in limine may serve as a useful pretrial tool that enables a more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the

context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012) (citing *Japanese Elec. Prods.*, 723 F.2d at 260).

"[M]otions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemetech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Specifically, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000).

Here, as explained *supra*, the Government filed a superseding indictment against Defendant Musto on June 21, 2016 (Doc. 20). The superseding indictment charges Dr. Musto in Counts I and II with violations of 26 U.S.C. § 7206(1) – Filing False Tax Return.

Count One of the superseding indictment, after realleging and reincorporating paragraphs one through seven, provides in paragraph ten:

On or about April 12, 2010, in the Middle District of Pennsylvania, CHARLES MUSTO, a resident of Forty Fort, Pennsylvania, did willfully make and subscribe a joint U.S. Individual Income Tax Return, for the calendar year 2009, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That income tax return, which was prepared and signed in the Middle District of Pennsylvania, and was filed with the Internal Revenue Service, was false in the following ways, among others: (1) it reported gross receipts in the amount of $1,504,970 on line 1 of the attached Schedule C, and (2) it reported business income of $587,330 on line 12 of the Form 1040, whereas, as he then and there well knew he received gross receipts and business income in excess of the amounts stated in the return.

(Doc. 20, at ¶ 10).

In Count Two of the superseding indictment, the Government alleges:

On or about April 14, 2011, in the Middle District of Pennsylvania, CHARLES MUSTO, a resident of Forty Fort, Pennsylvania, did willfully make and subscribe a joint U.S. Individual Income Tax Return, for the calendar year 2010, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That income tax return, which was prepared and signed in the Middle District of Pennsylvania, and was filed with the Internal Revenue Service, was false in the following ways, among others: (1) it reported gross receipts in the amount of $1,343,389 on line 1 of the attached Schedule C, and (2) it reported business income of $547,173 on line 12 of the Form 1040, whereas, as he then and there well knew he received gross receipts and business income in excess of the amounts stated in the return.

(*Id.* at ¶ 12).

On June 21, 2018, the United States filed its "Notice of Intent to Offer Certain Evidence" (Doc. 104) wherein, as set forth above, it notified Defendant that it intended to introduce three different types of evidence as part of its case-in-chief at trial: "(1) evidence regarding falsities on Defendant's 2009 and 2010 tax returns; (2) evidence regarding

4

Defendant's false 2008 tax return; and (3) evidence regarding Defendant's actions during

2011 and 2012." (*Id.* at 1).

With respect to "evidence regarding falsities on Defendant's 2009 and 2010 tax

returns", the Government stated that it:

> intends to introduce evidence of at least four categories of material falsities on
> each of Defendant's 2009 and 2010 tax returns: (1) Defendant underreported
> the gross receipts of his periodontal practice on Line 1 of the Schedule C; (2)
> Defendant overstated his periodontal practice's expenses, including on Line 28
> of the Schedule C; (3) Defendant underreported the gross receipts of his rental
> properties on the Schedule E; and (4) Defendant overstated the expenses of
> his rental properties on the Schedule E. Those falsities then flowed through to
> other lines on the Form 1040, including Lines 12, 17, and 22, among others,
> rendering those lines false as well.

(*Id.* at 2).

As to the second category of evidence – "evidence regarding Defendant's false 2008

tax return" – the Government provided notice that it "intends to introduce evidence that

Defendant's 2008 tax return was false in the same ways as his 2009 and 2010 tax returns"

and "[s]pecifically, during each of the tax years 2008-2010, Defendant concealed certain

income of his periodontal business and rental properties by ensuring that income was

deposited in certain bank accounts, records of which he did not provide to his accountant."

(*Id.* at 3).

With respect to the final category of evidence set forth by the United States,

Defendant's actions during 2011 and 2012, the Government stated that it intends to

introduce evidence that "Defendant instructed his bookkeeper to misclassify personal

expenses as business expenses during 2011 and 2012", that Defendant "continued to divert income from his periodontal practice and rental properties into various personal bank accounts during 2011 and 2012" and that "after Defendant was alerted in March 2012 that his 2010 tax return was selected for audit, he then directed his bookkeeper to reclassify the misclassified expenses as personal expenses, and stopped directing his bookkeeper to misclassify personal expenses as business expenses." (*Id.* at 6).

The Government set forth its contentions in its Notice that the evidence as to which it gave notice is admissible as "intrinsic evidence" or, alternatively, if such evidence were not deemed intrinsic evidence of willfulness, it is nonetheless admissible under Federal Rule of Evidence 404(b).

On August 3, 2018, Defendant Musto filed his motion *in limine* (Doc. 109) and brief in support of that motion (Doc. 109-1). Defendant's motion asserts that the Government must be restricted to the presentation of evidence limited to that considered by the grand jury and that "[b]y seeking to introduce evidence of conduct other than that considered by the grand jury, the government essentially seeks to prove an essential element of the charge (the falsity of the return) through a means not presented to the grand jury." (Doc. 109-1, at 3). Accordingly, Defendant argues that if the Government is allowed to introduce evidence "of conduct other than that considered by the grand jury" and Dr. Musto is convicted, "it will be uncertain whether Dr. Musto was convicted of the conduct that was subject to the grand jury Superseding Indictment or other uncharged conduct." (*Id.*). Defendant asserts that the

6

superseding indictment "clearly alleges that Dr. Musto submitted false tax returns by underreporting his periodontal gross receipts." On this basis, he again advances the argument that "introducing evidence of different falsities will certainly alter the proof at trial to the point where the charges will have been broadened in violation of anti-amendment jurisprudence." (*Id.*). Defendant suggests that "[i]n many respects, this case is virtually identical to *Stirone v. United States*, [361 U.S. 212 (1960)]," a case not involving alleged violations of the Internal Revenue Code, but rather violations of the Hobbs Act. There, the defendant was charged with a violation of the Hobbs Act in connection with unlawful interference, by means of threats, with interstate commence with respect to the importation of sand and other materials from other states but faced evidence at trial that he engaged in violations of the Hobbs Act in connection with shipments of concrete in interstate commerce from a steel plant in Pennsylvania into Michigan and Kentucky. The Supreme Court held that the defendant was thus tried and convicted on charges that were not included within the indictment brought against him. The Court reversed the conviction, finding an unconstitutional constructive amendment of the indictment against the defendant. *Stirone*, 361 U.S. at 217-219.

Further, Dr. Musto contests the Government's assertion that evidence of his allegedly false 2008 tax return is admissible as intrinsic evidence to the crimes charged, and specifically to establishing willfulness. Thus, Defendant rhetorically queries: "How can conduct in a tax year other than those charged be intrinsic to what happened on a specific

date in other years when the return was filed?" (Doc. 109-1, at 5). Instead, Defendant asserts that "the only remote theory under which evidence of uncharged crimes derives from Rule 404(b)." (*Id*. at 6).

Dr. Musto argues that the introduction of the evidence outlined in the Government's Notice presents a constructive amendment or, alternatively, an unlawful prejudicial variance. Defendant asserts in support of this contention that "the Superseding Indictment provides no notice of wrongdoing unrelated to the shortcomings associated with Dr. Musto's 2009 and 2010 periodontal gross receipts. Given the dramatic expansion of the scope of evidence, the absence of notice certainly prejudices Dr. Musto." (*Id*.). Further, in the view of Defendant, the Government's position that the "purported falsities not presented to the grand jury" are admissible under Rule 404(b) "is patently misplaced." (*Id*.). Dr. Musto argues that "the clearly uncharged conduct (2008 shortcomings, as well as 2009 and 2010 shortcomings unrelated to periodontal gross receipts)" do not show willfulness in that the Government "does not articulate how such proffered shortcomings help corroborate any element of the offense, other than through the propensity of wrongdoing." (*Id*. at 6-7). In the same vein, Dr. Musto argues that evidence suggesting that he "failed to report all of his rental business income or overstated rental business expenses does not establish that he willfully underreported periodontal gross receipts in 2009 and 2010." (*Id*. at 7).

Additionally, Dr. Musto argues the evidence as to which the Government has given

its Notice of intent to offer at trial "does not withstand the required 403 balancing

requirement." (*Id.*). Thus, Defendant argues:

> Introducing any evidence relating to 2008 and any evidence concerning 2009
> periodontal expenses and/or underreported rental income or overstatement of
> rental business expenses clearly invokes Rule 403's prohibition because doing
> so carries a substantial risk of unfair prejudice, confusing the issues, misleading
> the jury, undue delay and wasting time.

(*Id.*).

In response to Defendant's motion *in limine*, the Government argues that "evidence

of the additional falsities is intrinsic evidence of willfulness and the falsity of the returns or, at

the least, admissible under Rule 404(b), as it shows Defendant was engaged in a deliberate

pattern of conduct to underreport income and overstate expenses during the same period of

time and on the same tax returns." (Doc. 110, at 3). The Government further asserts that

Dr. Musto "hid critical information from his accountant" and argues that Dr. Musto's returns

contained additional falsities and the evidence of those falsities is inconsistent with

Defendant's argument that his underreporting of gross receipts of his periodontal practice

was an aberration, a mistake, or the fault of an incompetent accountant. (*Id.*).

The Government additionally states that "[e]vidence that Defendant overstated the

expenses of his periodontal practice is included within the business income of the

periodontal practice, a line item specifically alleged in the indictment as false." (*Id.* at 5).

Moreover, the Government asserts that "Defendant's underreporting of rents received and

9

overstating of expenses of the rental properties are contemplated in the indictment's wording that the charged falsities include the specifically listed falsities 'among others.'" (*Id.*).

With respect to Dr. Musto's assertion that permitting the use of certain evidence set forth in the Government's Notice would constructively amend the indictment, the Government cites to several Circuit Court decisions for the proposition that an indictment is not constructively amended where the Government introduced evidence pursuant to broad indictments using language like "among others", and "including but not limited to." (Doc. 110, at 5)(citing *United States v. Rashid*, 274 F.3d 407, 414 (6th Cir. 2001); *United States v. Joyner*, 201 F.3d. 61, 68 (2d Cir. 2000); *United States v. Moore*, 149 F.3d 773, 782 (8th Cir. 1998)). Thus, the Government argues that "Defendant can be found guilty on the basis of the additional falsities without constructively amending the superseding indictment." (*Id.* at 7).

The Government further asserts that, "for similar reasons, a conviction on the basis of the additional falsities would not constitute a prejudicial variance from the superseding indictment." (*Id.*). As set forth by the Government:

> A variance occurs where the evidence at trial proves facts materially different from those alleged in the indictment. . . . However, so long as a variance "sufficiently informs the defendant of the charges against him and allows him to prepare his defense without being misled or surprised at trial [it] does not prejudice the defendant's substantial rights." . . . Here, a conviction based on the additional falsities would not constitute a variance since it would be based on the same misconduct the superseding indictment alleges . . . .

(*Id.*)(citing *United States v. Vosburgh*, 602 F.3d. 512, 532 (3d Cir. 2010)).

The Government also argues that evidence of the falsity of Dr. Musto's 2008 tax return is admissible evidence of willfulness, either as intrinsic evidence or under Rule 404(b), and that "it is well established that a consistent pattern of misconduct is evidence of willfulness in criminal tax cases." (*Id.* at 8)(collecting cases, including *United States v. Daraio*, 445 F.3d 253, 264-265 (3d Cir. 2006); *United States v. Johnson*, 386 F.2d 630, 631 (3d Cir. 1967); *United States v. Ringwalt*, 213 F.Supp.2d 499, 508 (E.D. Pa. 2002), *aff'd* 66 F. App'x 446 (3d Cir. 2003)).

With respect to the Government's intention to provide evidence regarding Defendant's conduct during 2011 and 2012, with specific reference to his alleged reclassification of certain personal expenses after being notified that his 2010 tax return was selected for audit, the Government argues that "evidence of Defendant's misconduct in 2011 and 2012 is relevant for the same reason as the 2008 misconduct: to prove willfulness by showing a consistent pattern of misconduct that belies any defense of mistake or accident." (*Id.* at 9-10). The Government further argues that evidence that Dr. Musto "was aware of the mischaracterization of personal expenses in March 2012, when he was alerted to the audit, is likewise powerful evidence of willfulness as it demonstrates that he was aware of the mischaracterization at the time he filed his earlier tax returns." (*Id.* at 10).

In his Reply Brief (Doc. 111), Dr. Musto adjusts his arguments to counter the Government's support for the admissibility of evidence of falsity in Defendant's 2008 tax return as well as in his 2009 and 2010 tax returns. First, Dr. Musto characterizes the

Government as "suggest[ing] it presented evidence to the grand jury concerning purported

falsities on Dr. Musto's 2009 and 2010 tax returns in addition to the acknowledged

underreporting of gross receipts of Defendant's periodontal practice." (*Id.* at 1). In a

footnote, Defendant adds:

> If the government presented to the grand jury evidence of "falsities" unrelated
> to the periodontal gross receipts, Defendant concedes the admissibility of such
> evidence as it relates to the years 2009 and 2010. However, if such evidence
> was not presented to the grand jury, Dr. Musto maintains that its admission
> constitutes a variance or potentially a prejudicial amendment of the Indictment.

(*Id.* at 1 n.3). Dr. Musto then asserts:

> If evidence of purported wrongful conduct was not presented to the grand jury
> and embodied in the specific charges, then such evidence can only be admitted
> for some proper purpose unrelated to the charged conduct.

(*Id.* at 2).

Dr. Musto takes issue with the Government's assertion of the "among others"

language set forth in the superseding indictment as grounds to justify the presentation and

admission of the evidence related to Dr. Musto's 2008 tax return and the evidence which he

characterizes as the falsities unrelated to the periodontal gross receipts enumerated in the

2009 and 2010 tax returns. (*Id.*).

Dr. Musto further argues that "to the extent the government seeks to introduce

conduct unrelated to underreported periodontal gross receipts in 2009 and 2010, such

evidence was certainly not presented to the grand jury and certainly it has no direct

relevance to Counts One and Two of the Indictment and cannot be introduced for any

12

purpose, even under Rule 404(b)." (*Id.* at 3). Then, however, Defendant states: "[i]f the evidence of 2008 under reported periodontal receipts is admissible at all, it can only be under Federal Rule of Evidence 404(b), but only to the extent that Dr. Musto claims he did not commit the acts alleged." (*Id.*). He thus argues that "[s]ince Dr. Musto does not deny under reporting 2009 and 2010 periodontal receipts, admission of 2008 under reporting may be admissible in rebuttal to Dr. Musto's defense positions (which have not yet been formulated due to the absence of *Jencks* material) and only under Rule of Evidence 404(b) with an appropriate limitation instruction." (*Id.* at 4). The Court notes that while it may be true that Dr. Musto does not deny underreporting his periodontal receipts for tax years 2009 and 2010, he quite obviously denies that the underreporting was willful.

With regard to evidence of Dr. Musto's conduct during 2011 and 2012, specifically, as phrased by Defendant, "that after the civil audit commenced, Dr. Musto purportedly asked his bookkeeper to reclassify the misclassified expenses and took corrective action", Defendant argues that "[w]ithout knowing exactly what the government intends to introduce in this regard (which cannot be determined until the government produces *Jencks* material with respect to Dr. Musto's former bookkeeper), it is impossible to respond to the government's intended introduction of 2011 and 2012 evidence." (*Id.* at 4-5).

The issues before the Court in resolving Defendant's motion *in limine* are squarely governed by the decision in *United States v. Daraio*, 445 F.3d 253 (3d Cir. 2006). In that case, Defendant Dorothea Daraio was convicted of tax evasion. On appeal she raised

13

three issues which are identical to those asserted by Dr. Musto in his motion *in limine.* The

Court described those issues as follows:

Daraio raises three issues on this appeal. First, she argues that the evidence
at trial coupled with the jury instructions constructively amended the indictment
returned against her on which she was tried. Second, she contends that there
was at trial, in the alternative to a constructive amendment of the indictment, a
prejudicial variance in the evidence from the terms of the indictment. In these
two contentions Daraio asserts that the government's proofs may have led the
jury to convict her of unlawful conduct the indictment did not charge. Third,
Daraio argues that the district court erred in admitting evidence under Federal
Rule of Evidence 404(b) ("Rule 404(b) evidence") of her prior non-compliance
with federal tax laws to prove her intent to commit the crime charged in this
case. Daraio contends that by reason of any of these errors she is entitled to
an outright reversal of her conviction or at least a new trial.

445 F.3d at 255.

The indictment against Daraio charged her with a violation of 26 U.S.C. § 7201 and

18 U.S.C. § 2. Specifically, Daraio was charged with "knowingly and willfully attempt[ing] to

evade and defeat the payment of a substantial part of the payroll taxes due and owing by

Eagle Security, Inc. to the United States for the quarterly periods that included April 1994

through April 1998, in the amount of approximately $222,607.40, by directing clients of

Eagle Security, Inc. to pay their unpaid balances that they owed to Eagle Security, Inc. to

E.S.S. Co." *Id.* at 255-256.

Prior to the commencement of trial, the Government served a notice that it would

seek to introduce evidence of Daraio's prior tax non-compliance as demonstrated by her

personal tax records and tax records from several corporations with which she was involved

pursuant to Rule 404(b). The Rule 404(b) evidence included the following items:

14

(1) Payroll tax records for Joseph Daraio, Daraio's husband, trading as ESS–Co. and Quest Investigators, pertaining to tax periods from 1989-1993 including the records themselves, as well as, for certain tax periods, certifications of a "lack of records" indicating the failure to file tax returns;

(2) Certifications by the IRS that Eagle Security did not file payroll tax returns in 1990-1993 and 1999-2004;

(3) Payroll tax records, again including certifications of lack of records, for ESS–Co., beginning in the third quarter of 1998 through the first quarter of 2004;

(4) Certifications of lack of records for ESS–Co. from 1992-1998 and 2000-2004;

(5) Corporate tax records for Eagle Security from 1990-2003, that showed that it had not filed forms with the IRS in 1999, 2001, and 2002;

(6) Corporate tax records for ESS–Co. from 1998-2003;

(7) Joint personal income tax returns for Joseph Daraio and Daraio from 1984 and 1989-2003.

*Id.* at 256.

The District Court admitted the Rule 404(b) evidence "reasoning that evidence of

past conduct is relevant when, as in this case, 'the defendant has squarely raised intent.'"

*Id.* at 257. In addition, the District Court gave the jury the following limiting instruction:

Ladies and gentlemen of the jury, you will soon, and at various other times during the trial, hear evidence of acts the defendant - of acts of the defendant that may be similar to those charged in the indictment, but which were committed on other occasions.

You must not consider any of this evidence in deciding if the defendant committed the acts charged in this indictment. However, you may consider this evidence for other very limited purposes.

15

If you find beyond a reasonable doubt from other evidence in this case, that the defendant did commit the acts charged in the indictment, then you may consider the evidence of similar acts allegedly committed on other occasions, to determine, one, whether the defendant had the intent necessary to commit the crime charged in the indictment; two, whether the defendant had the motive to commit the act charged in the indictment; or, three, whether the defendant willfully committed the acts for which she is on trial, or rather committed them by accident, negligence, or mistake.

*Daraio*, 445 F.3d at 257.

The jury returned a guilty verdict and Daraio unsuccessfully moved for a judgment of

acquittal, a directed verdict or a new trial. *Id.* at 258. On appeal, the Circuit addressed and

rejected each of the three aforementioned issues raised by Daraio. First, with respect to

Daraio's claim of a constructive amendment of the indictment, the Court explained:

An indictment is constructively amended when, in the absence of a formal amendment, the evidence and jury instructions at trial modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged. *See United States v. Miller*, 471 U.S. 130, 140, 105 S.Ct. 1811, 1817, 85 L.Ed.2d 99 (1985) (constructive amendment occurs when defendant is deprived of "substantial right to be tried only on charges presented in an indictment returned by a grand jury") (quoting *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960)); *see also United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) (There is "[a] constructive amendment to an indictment ... when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury."). Thus, "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone* 361 U.S. at 217, 80 S.Ct. at 273.

*Id.* at 259-260. The Circuit found no constructive amendment of the indictment at trial,

stating:

16

In this case, the indictment specifically charged that Daraio "knowingly and willfully attempt[ed] to evade and defeat the payment of ... the payroll taxes due ... by directing clients of Eagle Security, Inc. to pay their unpaid balances that they owed to Eagles Security, Inc. to E.S.S. Co." . . . Although we agree with Daraio that the government presented a significant amount of evidence concerning her prior tax non-compliance beyond that charged in the indictment, the district court's instructions ensured that the jury would convict her, if at all, for a crime based on conduct charged in the indictment.

*Id.* at 260.

In addition, the Court noted that "the district court thoroughly and accurately

instructed the jury on the basic elements of tax evasion and focused the jury's attention on

the conduct that the indictment charged." *Id.* at 260-261. The Court continued:

For example, the court told the jury that, although it "heard evidence of actions which relate to the failure to comply with law involving the payment of taxes or the filing of tax returns, [these acts] are not charged in the indictment." . . . The district court also told the jury that "the [g]overnment must show more than the mere failure to do something, such as the failure to pay taxes which are due and owing.". . . Moreover, the court supplied the jury with a copy of the indictment for its use during its deliberations. Therefore, the district court obviated the possibility of the indictment being constructively amended by issuing accurate and thorough jury instructions precluding the jury from convicting Daraio for any conduct other than that which the indictment charged.

*Id.* at 261. On this basis, the Court concluded:

Overall we are satisfied from our examination of the jury instructions as a whole that the district court properly focused the jury on Daraio's conduct as charged in the indictment by repeatedly instructing the jury to confine its consideration of the Rule 404(b) evidence to its proper purpose. Accordingly, we hold that the government's proofs coupled with the district court's instructions did not constructively amend the indictment.

*Id.*

Here, this Court will follow the clear directives of the Circuit in *Daraio* by issuing jury instructions that ensure that the jury is precluded from convicting Dr. Musto for any conduct other than that which the superseding indictment charges.[2]

With respect to the issue of prejudicial variance, the Court in *Daraio* explained that "[t]here is a variance 'where the charging terms [of the indictment] are unchanged but the evidence at trial proves facts materially different from those alleged in the indictment.'" 445 F.3d at 261. The Third Circuit distinguished a constructive amendment from a variance, noting that "a variance can result in a reversible error only if it likely to have surprised or otherwise has prejudiced the defense." *Id.* at 262. It then explained:

> To demonstrate prejudice from a variance, a defendant "must show (1) that there was a variance between the indictment and the proof adduced at trial and (2) that the variance prejudiced some substantial right." *United States v. Balter*, 91 F.3d 427, 441 (3d Cir. 1996). "A variance does not prejudice a defendant's substantial rights (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, [or] (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense." *United States v. Schoenhut*, 567 F.2d 1010, 1021-22 (3d Cir. 1978).

*Id.* at 262. The *Daraio* Court found no prejudicial variance between the Government's proofs and the terms of the indictment, finding that the indictment "sufficiently informed Daraio of the charges against her so as to put her on notice to prepare her defense." Further, the Court found that the Government's proofs concerning the defendant's failure to

---

[2] Consistent with the above, the Court, where it deems appropriate, will issue limiting instructions at the time of the introduction or admission of evidence offered under Rule 404(b). The Defendant is expected to request that such limiting instructions be given to the jury as he deems necessary.

pay over to the government the full amount of payroll taxes did not vary from the terms of the indictment. *Id*. at 262-263.

More importantly for purposes of Defendant Musto's motion *in limine*, the Court in *Daraio* noted that the prosecutor had filed a pretrial notice to justify the admission of evidence concerning prior non-compliance for time periods which were not included in the indictment as well as acts not charged in the indictment. On this basis, the Court ruled that "the admission of such evidence did not deprive Daraio of the opportunity to prepare her defense" and that "the court properly admitted the evidence under Rule 404(b)." *Id*. at 263.

Here, the Government has, like the prosecutor in *Daraio*, filed a pretrial notice to justify the admission of evidence concerning prior non-compliance for time periods not included in the indictment and actions by Dr. Musto not explicitly charged in the indictment. Following the reasoning of *Daraio*, notice of intent to admit such evidence affords, rather than deprives, Dr. Musto of the opportunity to prepare his defense.

Further, as in *Daraio*, the evidence proffered in the Government's Notice is admissible under Rule 404(b). On this specific point, the Court in *Daraio* rejected the defendant's argument that the District Court erred in admitting evidence of her prior tax non-compliance in violation of Rule 404(b). In reaching this conclusion, the court noted that "[i]n general, we favor the admission of Rule 404(b) evidence when it is relevant for any other purpose than to show the defendant's propensity to commit the charged offense." *Id*.

The Circuit further explained that a four-part test is applied to determine the

admissibility of Rule 404(b) evidence:

> (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted.

*Daraio*, 445 F.3d at 264. The Court in *Daraio* then flatly stated:

> In cases involving violations of federal tax laws such as tax evasion, "[a] defendant's past taxpaying record is admissible to prove willfulness circumstantially." *United States v. Ringwalt*, 213 F.Supp.2d 499, 506 (E.D.Pa. 2002) (quoting *United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998)), *aff'd*, 66 Fed.Appx. 446 (3d Cir. 2003); *see also United States v. Johnson*, 893 F.2d 451, 453 (1st Cir. 1990) (unindicted acts of tax fraud that occurred subsequent to the indicted acts admissible in tax evasion prosecution to show intent and absence of mistake when defense based on defendant's reliance on advice of friend); *United States v. Upton*, 799 F.2d 432, 433 (8th Cir. 1986) ("Evidence of [defendant's] questionable compliance with tax laws, both in the years prior to and subsequent to [the years of the charged conduct] is probative of willfulness in the present context."). For example, in *United States v. Ringwalt*, the district court admitted defendant's tax returns from previous years, which did not pertain to the charged offense. The court held that, "in light of the defendant's theory that the inaccuracies in the 1994 and 1995 returns were the result of mistake or the fault of the accountants, the tax returns from the earlier years were probative on the issues of common scheme or plan as well as willfulness." 213 F.Supp.2d at 509. The court noted that the defendant's tax returns for the earlier years "showed the existence in those prior years of the identical scheme and plan to evade income taxes that was used by defendant in 1994 and 1995[.]" *Id*.

*Id*.

The case law cited by the Court in *Daraio* included cases holding that evidence of a

defendant's compliance, or lack thereof, with tax laws both in the years prior, and

subsequent, to the years of the conduct charged in the indictment was probative of the

crucial element of willfulness. *See e.g., United States v. Upton*, 799 F.2d 432 (8th Cir. 1986); *United States v. Bok*, 156 F.3d. 157, 165 (2d Cir. 1998)(deeming admissible evidence of defendant's failure to file tax returns for years before and after those included in the indictment to show intent to engage in tax evasion).

The Supreme Court has defined "willfulness" in the criminal tax context as a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d. 617 (1991). The Government's burden of proving knowledge of a legal duty "requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any provisions of the tax laws." *Id.* at 202.

The basis upon which the Government may establish willfulness is carefully detailed in *Ringwalt*:

> The government may prove willfulness through direct or circumstantial evidence. As the Third Circuit has explained:
>
> > In the majority of criminal cases, the element of intent is inferred from circumstantial evidence. The rule is no different in tax evasion prosecutions. The Supreme Court [has] stated that "any conduct, the likely effect of which would be to mislead or conceal," is sufficient to satisfy the "affirmative act" element. These cases simply require that there be some evidence from which a jury could infer an intent to mislead or conceal beyond mere failure to pay assessed taxes; it is for the jury to determine, as a matter of fact, whether the affirmative act was undertaken, in part, to conceal funds from or mislead the government.
>
> *United States v. Voigt*, 89 F.3d 1050, 1090 (3d Cir. 1996) (citations omitted) (emphasis in original). The government may show willfulness by pointing to evidence that the defendant kept a double set of books, made false entries or

21

alterations in his books of accounting, created false invoices or documents, concealed assets or covered up sources of income, or did "any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943).

213 F.Supp. 2d at 504. *See also, Daraio*, 445 F.3d at 264 (stating it "was essential for the

government to make a showing of intent or willfulness to meet its burden of proof" so that

the district court properly admitted evidence of Daraio's prior tax non-compliance under

Rule 404(b)).

So too, in this case, the Government's evidence as to Dr. Musto's 2008 tax return is

admissible under Rule 404(b) to establish the requisite intent or willfulness needed to

establish the charges set forth in the superseding indictment. As the Court in *Daraio* made

clear:

Inasmuch as it was essential for the government to make a showing of intent or willfulness to meet its burden of proof in this case, the district court properly admitted evidence of Daraio's prior tax non-compliance under Rule 404(b). Evidence that she committed similar offenses and had a history of non-compliance with the IRS was admissible and relevant to prove willfulness. *See Bok*, 156 F.3d at 165-66. Furthermore, the district court's limiting instructions were adequate to prevent any unfair prejudice to her from the evidence. As in *United States v. Givan*, the district court in this case repeatedly issued limiting instructions regarding the Rule 404(b) evidence in which the court emphasized the limited purpose for which the evidence was admissible, thereby minimizing any prejudicial effect. *See* 320 F.3d [452, 461-62 (3d Cir. 2003)].

445 F.3d at 264-265.

Here, this Court's ruling on Dr. Musto's motion *in limine* is founded on the rulings in

*Daraio* and the cases cited therein which allow the admission of evidence described in the

Government's Notice of Intent to Offer Certain Evidence to be admitted under Rule 404(b) as evidence of willfulness, intent, motive, plan or lack of accident or mistake.

The Government's contention that the evidence described in its Notice is intrinsic evidence and admissible as such may be valid in connection with the introduction of evidence of falsities in Defendant's 2009 and 2010 tax returns, particularly since the Form 1040 filed by Dr. Musto for those years encompasses the information set forth in both Schedule C and Schedule E as alleged in paragraphs six and seven in the Superseding Indictment. *See United States v. Green*, 617 F.3d 233, 248-249 (3d Cir. 2010) (explaining that "intrinsic" evidence is limited to two "narrow categories": (1) it "directly proves the charged offense", or (2) it is an uncharged act "performed contemporaneously with the charged crime" that "facilitate[s] the commission of the charged crime."); *United States v. Gump*, 2012 WL 4481458 (W.D. Pa. 2012). However, the Court finds it need not determine whether the evidence identified in the Government's Notice is intrinsic since it is otherwise admissible under Federal Rule of Evidence 404(b) for the reasons stated herein.

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion in Limine (Doc. 109) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge